1. GAMING (§ 71*)—BETTING AT CRAPS—PRIVATE RESIDENCE.
   The betting at a game of craps is a violation of the statute, whether done at a private residence or elsewhere.
   [Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 166, 167; Dec. Dig. § 71.*]

2. CRIMINAL LAW (§ 594*)—CONTINUANCE—ABSENT WITNESSES.
   In a prosecution for gaming at craps, accused with due diligence made a first application for a continuance to procure the testimony of absent witnesses, who were shown to have been present at the time and place of the alleged crap game, and who would have testified that accused did not bet at the game. Two state's witnesses testified that accused played at the game, but several other witnesses testified that no such thing occurred. Held, that the application should have been granted.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1321, 1322, 1332; Dec. Dig. § 594.*]

Appeal from Titus County Court; W. E. Riddle, Judge.

Ed Knowles was convicted of betting at a crap game, and he appeals. Reversed and remanded.

T. C. Hutchings, of Mt. Pleasant, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted for betting at a game of craps.

[1] His first contention is that betting at craps is not a violation of the statute when this occurs at a private residence, unless the private residence is resorted to for the purpose of gambling. In this we think appellant is in error. Such was once the statute, but now betting at craps is a violation of the statute any and every where.

[2] When the case was called for trial, appellant moved to continue the case. The diligence seems to be sufficient. The absent witnesses, it is shown by all the testimony, were present at the time and place where the crap game is said to have been played. It is alleged they would have sworn positively that appellant did not bet at the crap game. Two witnesses for the state testify, in substance, to a game and that appellant played. There was more than one witness who testified that no such thing occurred, and all of the witnesses place the absent witnesses present at the time and place of the playing. This is the first application for continuance, and it may have been, had the jury heard the testimony of these witnesses, they would have acquitted the defendant. However that may be, it being the first application, proper diligence being used, and the testimony material, appellant was entitled to the continuance. The court should either have granted the continuance, or have set aside the conviction on motion for new trial.

The judgment is reversed, and the cause is remanded.

---

### DAVIS v. STATE.

(Court of Criminal Appeals of Texas. Oct. 30, 1912.)

CRIMINAL LAW (§ 1090*)—APPEAL—RECORD—BILL OF EXCEPTIONS—NECESSITY.
   In the absence of a bill of exceptions, the appellate court cannot review alleged error in not granting accused's motion for a continuance.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from District Court, Franklin County; P. A. Turner, Judge.

Will Davis was convicted of robbery by the use of firearms, and he appeals. Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was tried in the district court of Franklin county under an indictment charging him with robbery by the use of firearms. He was convicted, and his punishment assessed at confinement in the penitentiary for five years.

There are no bills of exception found in the record, neither is there a statement of facts. The only matter presented for review by this court is found in the motion for new trial, and the only error assigned therein is that the court erred in not granting defendant's motion for continuance. In the absence of a bill of exceptions, this is not properly presented for review by this court.

The judgment is affirmed.